UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

YUSIMI CARRILLO,

    Plaintiff,

vs.

KING CREEK HAIR DESIGN UNISEX
CORPORATION,
a Florida Profit Corporation

    Defendant
_____/

## COMPLAINT

Plaintiff, YUSIMI CARRILLO, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues Defendant, KING CREEK HAIR DESIGN UNISEX CORPORATION, a Florida Profit Corporation (hereinafter, "Defendant"), and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid wages and unpaid overtime wages against Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the United States Court for the Southern District of Florida because Plaintiff was employed by Defendant in this District; because Defendant at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

1

## PARTIES

5. Plaintiff at all times pertinent to this complaint, resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

6. During all times relevant to this Complaint, Plaintiff was employed by Defendant as a nail technician. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

7. Defendant is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida. Defendant has its principal place of business in Miami, Florida. Defendant had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Specifically, Defendant is a beauty salon and its employees, including Plaintiff, regularly handled goods which were transported across state lines.

10. At all times material to this Complaint, King Creek, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

11. Defendant, upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

12. Defendant was "employer" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

13. All other conditions precedent to this action have been performed or have been waived.

## **GENERAL ALLEGATIONS**

14. Plaintiff is a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

15. Plaintiff began working for Defendant in November 2021 and ended her employment on or about December 28, 2021. Plaintiff had an agreement with Defendant that she was to be paid 55% of all production on a weekly basis.

16. Throughout the course of her employment, Plaintiff was misclassified as an independent contractor.

17. At no point, however, was Plaintiff properly an independent contractor. Throughout Plaintiff's employment, Defendant exercised control over the amount Plaintiff charged for services and the amount Plaintiff received as pay. Defendant also scheduled all of Plaintiff's appointments. Further, Plaintiff's customers had to pay Defendant for the services rendered, rather than pay Plaintiff directly.

18. On or about December 28, 2021, Plaintiff gave Defendant her resignation. Defendant failed to pay Plaintiff all monies due for the last 2 days of work.

19. Plaintiff estimates that she is owed at least $280.00 (14 hrs x $10.00/hour x 2 days) in unpaid minimum wages.

20. Further, throughout Plaintiff's employment, Plaintiff generally worked 84 hours per week.

21. Despite the fact that Plaintiff worked over 40 hours in a workweek, she was not paid overtime by Defendant.

22. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

23. Plaintiff is entitled to her reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA/OVERTIME

24. Plaintiff, re-alleges and reaffirms paragraphs 1 through 23 as if fully set forth herein.

25. This action is brought by Plaintiff to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

26. Since the commencement of Plaintiff's employment, Defendant has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one- and one-half times their regular rate.

27. Specifically, throughout her employment Plaintiff regularly worked between 70-84 hours during each workweek in which she was employed. Plaintiff was compensated by receiving 55% of her production during her employment until December 28, 2021 when Defendant ceased paying Plaintiff at all.

28. Prior to giving her notice, Plaintiff was compensated, on average, $1,000/week based on available information.

29. Plaintiff was not exempted from the overtime provisions of the FLSA in that she was considered by Defendant to be an independent contractor.

30. Defendant has knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

31. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

32. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

33. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF FLSA/MINIMUM WAGES

34. Plaintiff, re-alleges and reaffirms paragraphs 1 through 23 as if fully set forth herein.

35. During the course of Plaintiff's employment with Defendant, Plaintiff was not compensated at all for several hours worked for Defendants. From December 27, 2021-December 28, 2021, Plaintiff performed work for Defendant for which she was not paid.

36. The Defendant willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed while Defendant employed Plaintiff during the relevant time period.

37. As a direct result of Defendant's willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, YUSIMI CARRILLO demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: April 4, 2022                          **PEREGONZA THE ATTORNEYS, PLLC**

1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/ Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/ Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com