UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21019-DAMIAN

YUSIMI CARRILLO,

 Plaintiff,

vs.

KING CREEK HAIR DESIGN UNISEX,
CORPORATION, a Florida Profit corporation,

 Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF
SETTLEMENT OF FLSA CLAIMS AND DISMISSAL WITH PREJUDICE**

THIS CAUSE is before the Court on Plaintiff, Yusimi Carrillo's ("Plaintiff"), Motion for Approval of Settlement of FLSA Claims and Dismissal with Prejudice (the "Motion"). [ECF No. 8]. This matter is before the Court upon the parties' Joint Notice and Consent to Magistrate Judge Jurisdiction. [ECF No. 15]. *See* 28 U.S.C. § 636(c).

The Court has considered the Motion, the proposed FLSA Settlement Agreement [ECF No. 8-1], the pertinent portions of the record and relevant legal authorities, and heard from the parties, through counsel, who appeared before the Court by Zoom for a Fairness Hearing on May 19, 2022, and is otherwise fully advised in the premises. For the following reasons, the Motion is granted, the Settlement Agreement approved, and the case dismissed with prejudice.

 **I.** **FACTUAL AND PROCEDURAL BACKGROUND**

On April 4, 2022, Plaintiff filed a two-count Complaint against Defendant, King Creek Hair Design Unisex Corporation ("Defendant"), alleging violations of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, for unpaid overtime wages (Count I) and unpaid minimum wages (Count II). *See* ECF No. 1 (the "Complaint").

According to the allegations in the Complaint, Plaintiff was hired by Defendant in November 2021 as a nail technician. *See id.* ¶¶ 6, 15. Plaintiff alleges in the Complaint that, pursuant to an agreement between the parties, Plaintiff was to be paid fifty-five percent (55%) of all production in Defendant's beauty salon on a weekly basis. *Id.* ¶ 15. Plaintiff alleges that she was not paid for the last two days of work before she gave her resignation on December 28, 2021. *Id.* ¶ 18. As such, Plaintiff alleges she is owed approximately $280.00 (14 hours x $10.00 per hour x 2 days) in unpaid minimum wages. *Id.* ¶ 19. Plaintiff alleges that, throughout her employment with Defendant, she worked between seventy (70) to eighty-four (84) hours per week but that she was not paid overtime wages for the hours she worked in excess of forty (40) hours per week. *Id.* ¶¶ 20–21, 27. Plaintiff also alleges that, prior to giving her notice, she was compensated approximately $1,000.00 per week. *Id.* ¶ 28. Although the parties settled before Plaintiff filed a Statement of Claim, in the Motion, Plaintiff claims she sought approximately $1,200.00 for allegedly unpaid overtime hours worked. [ECF No. 8, at 4–5].

The record shows that Defendant was served on April 5, 2022. [ECF No. 4]. On April 20, 2022, Plaintiff filed a Notice of Settlement. [ECF No. 6]. That same day, the Court entered an Order administratively closing the case and directing the parties to submit a Joint Motion for Approval of Settlement Agreement. [ECF No. 7]. On April 26, 2022, Plaintiff submitted the Motion now before the Court seeking approval of the parties' proposed settlement agreement, pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982),

and dismissal of the action with prejudice and requesting the Court retain jurisdiction to enforce the terms of the settlement agreement. *See* Motion, at 1–2.

In the Motion, Plaintiff indicates that on April 11, 2022, Plaintiff's counsel was contacted by Defendant's corporate representative and that although Defendant denied any wrongdoing under the FLSA, the parties negotiated a settlement to avoid the costs of litigation. *Id.* ¶¶ 3–4. According to the Motion, the proposed settlement represents a fair and reasonable resolution of a bona fide dispute between the parties by providing "full and complete relief as to Plaintiff's FLSA claims, and for attorneys' fees and costs which were negotiated separately from Plaintiff's claims. *Id.* ¶¶ 5–6.

On May 16, 2022, the Court entered an Order directing Defendant to obtain counsel to represent Defendant, a corporate entity, in these proceedings. [ECF No. 12]. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (noting a corporate entity may not proceed in a *pro se* capacity). On May 18, 2022, counsel filed an appearance on behalf of Defendant. [ECF No. 13].

## II.   APPLICABLE LEGAL STANDARDS

Section 206 of the FLSA establishes the federally mandated minimum hourly wage, and Section 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. 29 U.S.C. §§ 206, 207. An employer who violates the FLSA is liable to its employee for both unpaid minimum wages or overtime compensation and for an equal amount in liquidated damages. 29 U.S.C. § 216(b). The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived" between employers and employees. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981). Nevertheless, there two ways in which claims

arising under the FLSA can be settled or compromised by employees: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor; or (2) in a private lawsuit brought by an employee against his or her employer, if the parties present the district court with a proposed settlement agreement and the district court enters a stipulated judgment after scrutinizing the settlement for fairness. *See* 29 U.S.C. 216(c); *Lynn's*, 679 F.2d at 1352–53.

The Eleventh Circuit has held that the compromise of FLSA claims is allowed under the following circumstances:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's*, 679 F.2d at 1354. Thus, an employee may compromise a claim if the district court determines that the compromise "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

When evaluating an FLSA settlement agreement, the district court considers both whether the settlement is fair and reasonable to the employee (*i.e.*, "internal" factors), and whether the settlement frustrates the purpose of the FLSA (*i.e.*, "external" factors). Factors considered "internal" include: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success

on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *see also Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241–44 (M.D. Fla. 2010). There is a "'strong presumption' in favor of finding a settlement fair." *Walker v. Kirkman Mgmt., LLC*, No. 20-1149, 2022 WL 1037369, at * 2 (M.D. Fla. Mar. 18, 2022) (quoting *Cotton v. Hinton*, 559 F.2d 1336, 1331 (5th Cir. 1977)). Additionally, "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

### III. DISCUSSION

With the foregoing in mind, the Court turns to scrutinize the parties' proposed settlement agreement for fairness.

#### A. *The Settlement Amount*

Under the proposed FLSA Settlement Agreement [ECF No. 8-1] (the "Agreement"), Defendant agrees to pay Plaintiff the total sum of $6,520.00, which is comprised of $3,000.00 to be paid to Plaintiff for her FLSA claims and $3,520.00 to be paid to Plaintiff's counsel for attorneys' fees and costs. Agreement, at ¶ 2. As indicated above and in the Motion, Plaintiff initially sought $280.00 for alleged unpaid minimum wages and approximately $1,200.00 for alleged unpaid overtime wages during the seven-week period of her employment. Therefore, the settlement amount is more than twice the amount originally sought by Plaintiff as alleged unpaid wages. *See* Complaint, at ¶ 19; Motion, at 4–5. Both parties are represented by counsel and agree the negotiated settlement amount is fair and reasonable such that there exists no compromise of Plaintiff's FLSA claims. *See* Motion, at 5; *see also* Agreement, at ¶ 5.

The Court has scrutinized the terms of the Agreement and considered the above referenced factors and heard from the parties, through their counsel, at a fairness hearing. Based on the parties' representations regarding the alleged FLSA claims, the Court finds the settlement amount represents a fair and reasonable resolution of a bona fide dispute between the parties under all the circumstances presented and that Plaintiff has not unfairly compromised her FLSA claims. The Court also finds the Agreement promotes the policy of encouraging settlement of litigation of FLSA claims. *Lynn's*, 679 F.2d at 1354.

Having found the settlement amount is fair and reasonable, the Court next addresses the specific terms of the Agreement.

### B. *Attorney's Fees and Costs*

As part of the Agreement, Plaintiff's counsel will receive a total of $3,520.00 for attorney's fees and costs. *See* Agreement, at ¶ 2. This amount includes $3,000.00 in attorney's fees and $520.00 in costs (*i.e.*, service of process, printing, copies, and filing fees). *See* Motion, at 8–9. According to the Motion and the Agreement, this amount was negotiated separately from the amount to be paid to Plaintiff for her FLSA claims. *See* Motion, at 6; Agreement, at ¶ 4.

In an FLSA action, the court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). However, when a plaintiff has received all of the FLSA compensation allegedly due, the amount of attorney's fees and costs paid under the settlement agreement likely did not taint

the amount the plaintiff agreed to accept to settle the case. *Abercrombie v. Pagano's Bros., Inc.*, No. 18-cv-772, 2018 WL 3421380, at *2 (M.D. Fla. June 28, 2018), *report and recommendation adopted*, 2018 WL 3417112 (M.D. Fla. July 13, 2018). Therefore, the Court need not scrutinize the settlement agreement further to consider whether the attorney's fees and costs to be paid are reasonable. *Id.*

Nevertheless, the Court reviewed counsel's billing records and found the amount billed, including the number of hours expended and the hourly rate, is reasonable based on the facts and circumstances of this case. *See* ECF No. 8-2. Plaintiff's counsel agreed to a reduced fee award of $3,000.00 and $520.00 in costs. Motion, at 8.

Based on the foregoing, the Court finds the attorney's fees and costs provision in the Agreement is fair and reasonable under the circumstances presented.

### C. *Retention of Jurisdiction*

During the fairness hearing, the parties agreed to withdraw the request that the Court retain jurisdiction to enforce the terms of the Agreement. [*See* Motion, at 1–2]. Therefore, the Court will not reserve jurisdiction to enforce the terms of the parties' settlement.

### IV.   FINDINGS

The Court has considered the Settlement Agreement based on the factors outlined in *Lynn's Food Stores*; the factual positions of the parties; the existence (or lack thereof) of documents supporting or corroborating the parties' positions; the strengths and weaknesses in the parties' respective positions; and the parties' desires to resolve their disputes without protracted litigation.

As set forth above, the Court finds that the settlement represents a genuine compromise of a bona fide dispute. Defendant, who denies liability, has agreed to pay Plaintiff

more than it believes Plaintiff is due under the law. The parties have agreed to settle as a result of reasonable strategic and financial considerations.

The Court also finds that the settlement occurred in an adversarial context and that there are genuine coverage and computation issues in dispute. The Court further finds that the settlement reached by the parties represents a fair and reasonable compromise by both sides, that the amount claimed as payment for Plaintiff's counsel's fees and costs is also reasonable, and that the Agreement contains no other terms indicating Plaintiff has unfairly compromised her FLSA claims or that the amount Plaintiff agreed to accept was tainted.

### V. CONCLUSION

Accordingly, for the reasons stated above, it is hereby

ORDERED and ADJUDGED that Plaintiff's Motion for Approval of Settlement of FLSA Claims and Dismissal with Prejudice [ECF No. 8] is **GRANTED**, the FLSA Settlement Agreement [ECF No. 8-1] is **APPROVED** as fair and reasonable, and the case is **DISMISSED WITH PREJUDICE**.

**DONE and ORDERED** in Chambers at Miami, Florida this 19th day of May 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record